IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD EDWARDS,

    Plaintiff,                       14cv0592

                                       **ELECTRONICALLY FILED**

    v.

EAST LIBERTY PLACE NORTH,

    Defendant.

## MEMORANDUM OPINION

This is the second Motion to Dismiss that has been filed in this case. This second Motion, like the first one, argues that Plaintiff's failure to timely effectuate service on Defendant, in accordance with Federal Rule of Civil Procedure 4(m) requires this Court to dismiss the case.

The *pro se* Plaintiff, Donald Edwards, filed a Complaint alleging that his landlord, Defendant, East Liberty Place North,[1] refused to renew his lease and terminated him on account of his race in violation of the Fair Housing Act. See doc. nos. 1, 3. The Fair Housing Act authorizes aggrieved persons to commence a civil action in, *inter alia*, an appropriate United States District Court. 42 U.S.C. § 3613(a)(1)(A). Plaintiff's Complaint alleges that he fully paid his rent, but also indicates that at some point in time a dispute arose over whether Plaintiff fully paid his rent. This Court granted Plaintiff's request to proceed *in forma pauperis*. See doc. no. 2.

On September 24, 2014, the Court entered a Show Cause Order which indicated that the instant case would be dismissed on October 8, 2014, without prejudice, pursuant to Fed. R. Civ. P. 4(m), "unless good cause is shown before October 8, 2014 regarding why Plaintiff failed to

---

[1] As noted by Defendant, the Defendant is improperly identified as "East Liberty Place North." Defendant claims its identity is actually, "East Liberty Place North, Limited Partnership d/b/a East Liberty Place North/ELPN, by and through its agent The Community Builder."

serve the Defendant with a copy of the Complaint within 120 days of the filing of the Complaint." The Show Cause Order further required Plaintiff to file a Response explaining why he failed to serve Defendant with the Complaint on or before October 7, 2014. On October 7, 2014, Plaintiff timely filed his Response and indicated that the summons he sent to Defendant went to the wrong address. See doc. no. 7.

In the interim, on October 1, 2014, Defendant filed its First Motion to Dismiss and Brief in Support under Fed.R.Civ.P. 12(b)(4) and 12(b)(5). Doc. nos. 5-6. Defendant claimed that it not been adequately served in accordance with Fed.R.Civ.P. 4(m).

The Court, mindful of Plaintiff's *pro se* status, denied Defendant's First Motion to Dismiss and granted Plaintiff an additional fourteen (14) days (until November 5, 2014), to properly serve Defendant in accordance with Fed.R.Civ.P. 4(m). The Court's Order also indicated that if Plaintiff failed to do so, Defendant could renew its Motion to Dismiss. See doc. nos. 10-11.

On November 7, 2014, Plaintiff filed a Proof of Service. Doc. no. 13. Also, on November 7, 2014, Defendant filed the instant [Second] Motion to Dismiss. Doc. no. 14. The Court ordered Plaintiff to respond to this Motion by November 17, 2014, and ordered Defendant to file a Reply by November 19, 2014.

On November 18, 2014, a three-page document was filed by Plaintiff. One page of this document appeared to be a "Motion for Settlement." On that page, Plaintiff requested this Court to issue an Order for "a[n] out of court settlement" and indicated that Defendant "took in fraud 180893 for rent" and "180893 for compensation[.]" The Court denied the portion of this document titled "motion for settlement" via a text Order, which was mailed to Plaintiff on

November 19, 2014, but noted the remainder of the document contained a Response to Defendant's Second Motion to Dismiss.

The United States Court of Appeals for the Third Circuit has interpreted Fed.R.Civ.P. 4(m) as follows:

> This Court has interpreted Rule 4(m) as requiring a court to extend time for service where a plaintiff demonstrates good cause. *McCurdy v. Amer. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998). Here, [Plaintiff] must show good faith and some reasonable basis for noncompliance within the time specified by the rule. *MCI Telecom. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). If good cause is not shown, the district court may, in its discretion, decide whether to dismiss the case without prejudice or extend the time for service. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d at 1305. And "the district court must consider whether any other factors warrant extending time even if good cause was not shown." Id. at 1307.

*Cain v. Abraxas,* 209 Fed.Appx. 94, 96 (3d Cir. 2006).

Turning to this case, as noted above, this Court has given Plaintiff two additional chances to effectuate service on Defendant. Plaintiff's first chance was when the Court issued an Order to Show Cause. Doc. no. 4. Plaintiff filed a Response to the Show Cause Order but, as noted by Defendant in its First Motion Compel, did not effectuate service on Defendant. During the interim, Defendant filed a Motion to Dismiss, which this Court denied. In its denial Order the Court granted Plaintiff another 14 days to properly serve Defendant under Rule 4(m).

Defendant's Brief in Support of its Second Motion to Dismiss indicates that Plaintiff once again failed to properly serve Defendant. Moreover, Defendant notes that Plaintiff's *pro se* status does not constitute "good cause" Rule 4(m).

The Court concurs that even after providing Plaintiff with two additional opportunities to properly execute service, and after pointing him to the Rule, service was not properly made. Plaintiff has never moved for an enlargement of time to serve Defendant. Thus, despite the best

intentions of Plaintiff to bring this lawsuit here in federal court, and despite this Court's two prior attempts to afford Plaintiff additional time to properly serve Defendant, service was not properly effectuated.

Accordingly, this Court is constrained to grant Defendant's Second Motion to Dismiss. An appropriate Order will follow.

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel
 and
 Donald Edwards
 7272 Verona Blvd
 Pittsburgh, PA 15235